IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. SZOKE, *et al.*, | ) | CASE NO. 1:03CV1628 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Judge Solomon Oliver, Jr.[1] |
| | ) | |
| UNITED PARCEL SERVICE OF | ) | |
| AMERICA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OF OPINION</u> |

On January 19, 2004, the Defendants filed a Motion To Dismiss (Docket No. 35). The parties have fully briefed the issues. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

I. <u>FACTS</u>

The named Plaintiffs are nineteen present and former clerical employees of Defendant United Parcel Service of America, Inc. ("UPS of America"). Pursuant to Fed. R. Civ. P. 23, the

---

[1] This case originally was assigned to Judge John M. Manos, who passed away on July 6, 2006. Pursuant to the protocol adopted by the judges of this Court in General Order 2006-21, this case has been reassigned to Judge Solomon Oliver, Jr.

Plaintiffs also seek class action certification of a class comprising allegedly similarly situated former and current UPS employees. The other Defendants (collectively referred to as the "Plan Administrators") are the various administrators of plans providing retirement benefits for certain UPS union employees.[2]

On July 31, 2003, the Plaintiffs filed their original Complaint.  The only corporate entity named in the original Complaint was United Parcel Service, Inc.  ("UPS, Inc.").  UPS of America was not specifically named, nor were any of the Plan Administrators.[3]

On October 27, 2003, the Plaintiffs filed their Amended Complaint.  Although the Amended Complaint itself is short on specifics, the gravamen of the basis for the action is that on September 1, 1995, the Defendants improperly made material changes to the Plaintiffs' retirement benefits without their consent.  The Plaintiffs allege that the changes reduced monthly benefit payments due certain current and future retirees.

Count One of the Amended Complaint asserts that the Plan Administrators failed to provide the Plaintiffs with adequate information regarding the change in their retirement benefits, in violation of Section 502(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"),  29 U.S.C. § 1132(c).  Count Two seeks enforcement and clarification of the Plaintiffs' rights under the UPS retirement plans pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  Count Three alleges that all Defendants breached fiduciary duties owed

---

[2] The Plan Administrator Defendants are the UPS Retirement Plan, the Administrative Committee of the UPS Retirement Plan, the UPS Pension Plan, and the Board of Trustees of the UPS Pension Plan.

[3] The Plaintiffs also sued their union, but on October 27, 2003, the union was dismissed voluntarily.  (Docket Nos. 13 and 16.)

to the Plaintiffs by failing to provide required information, and by altering the Plaintiffs' retirement benefits without consent. Count Four alleges that the changes to retirement benefits constitute age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 *et seq*. The current opinion relates only to the ADEA count.

On January 19, 2004, the Defendants filed the current motion to dismiss. They argue that the ADEA count should be dismissed because: (1) the named Defendants are not named in the charge of discrimination filed by the Plaintiffs with the Equal Employment Opportunity Commission ("EEOC"), and (2) the Amended Complaint was filed more than ninety days after the Plaintiffs received their "right-to-sue" letters from the EEOC.[4]

## II. LAW AND ANALYSIS

### A. Standard For Dismissal

The Defendants have moved to dismiss Count Four of the Amended Complaint because it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. A complaint will not be dismissed "unless it appears beyond a

---

[4] The Defendants also seek dismissal of the ERISA counts on the ground that the Plaintiffs have not exhausted their administrative remedies under the applicable retirement plans. On May 25, 2004, the Court stayed the action so that Cecilia Miller, the only named Plaintiff who had actually retired, could exhaust her administrative remedies. Subsequently, the parties filed motions regarding the merits of the ERISA counts based on Miller's administrative record. (See Defendants' Partial Motion For Summary Judgment, Docket No. 64; Plaintiffs' Memorandum In Support of Judgment and Motion To Strike, Docket Nos. 65 and 66.) The Court addresses the ERISA counts in a separate opinion on these motions.

-3-

reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994), cert. denied, 514 U.S. 1120 (1995), quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990). The complaint need only give fair notice as to the claim and the grounds upon which it rests. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Conclusory allegations, however, are not sufficient to state a claim. Rather, a complaint must set forth specific facts which, if proven, would warrant the relief sought. Sisk v. Levings, 868 F.2d 159, 161 (5th Cir. 1989). In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation. Papasan v. Allain, 478 U.S. 265, 286 106 S. Ct. 2932, 2944 (1986). A court likewise need not accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

### B. EEOC Charge

The Defendants argue that the ADEA count must be dismissed because none of the Defendants named in the Amended Complaint were named in the EEOC charges. The Plaintiffs' EEOC charges named UPS, Inc., not UPS of America nor any of the Plan Administrators.

To be sued, a party must be named in the EEOC charge unless there is a clear identity of interest between the named and unnamed parties. Alexander v. Local 496, Laborers International Union of North America, 177 F.3d 394, 411 (6th Cir. 1999), cert. denied, 528 U.S. 1154 (2000); Knafel v. Pepsi-Cola Bottlers of Akron, Inc., 899 F.2d 1473, 1480-81 (6th Cir. 1990); Jones v. Truck Drivers Local Union No. 299, 748 F.2d 1083, 1086 (6th Cir. 1984). A "clear identity of interest" implies that the named and unnamed parties are virtually alter egos,

and a mere parent-subsidiary relationship is not sufficient.  Knafel, 899 F.2d at 1481.

There are two tests for determining whether there is a sufficient identity of interest.  Under the first test, an identity of interest exists when the unnamed party possesses sufficient notice of the claim to participate in voluntary conciliation proceedings aimed at voluntary compliance.  The second test for identity of interest relies upon consideration of the following factors: (1) whether the complainant, at the time of filing of the EEOC charge, could ascertain the role of the unnamed party with reasonable effort; (2) whether the interests of the named and unnamed parties are so similar that for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party in some way represented to the complainant that its relationship to the complainant is to be through the named party.  Alexander, 177 F.3d at 411-12, citing, Romain v. Kurek, 836 F.2d 241, 245-46 (6th Cir. 1987).

The Court is mindful that the Plaintiffs are entitled to deference in the context of a motion to dismiss.  The distinction between UPS, Inc. and UPS of America is unclear from the current state of the record.  The Defendants assert little more than that they are parent and subsidiary, and that UPS of America is solely responsible for the retirement plans.  Beyond this assertion, the nature of the relationship of the two UPS entities to each other, and to the Plaintiffs, is not clear.  In its Answer, UPS of America even denies the allegation that it employed the Plaintiffs. (See Answer of UPS of America, Docket No. 42 at ¶¶ 12 and 32.)  However, no detailed facts are alleged regarding the specific corporate and employment connections.  In the context of this motion to dismiss, the Court lacks sufficient information to

conclude as a matter of law than an identity of interest is lacking. Accordingly, the motion is denied as to UPS of America.

The same does not hold for the Plan Administrators. These clearly are distinct entities which did not participate in the EEOC proceedings. Their specific role in administering the retirement benefits differs from that of the corporate employer. If the Plan Administrators engaged in age discrimination, the Plaintiffs were obligated to name these Defendants separately in the EEOC charges. Accordingly, Count Four is dismissed as to the Plan Administrators.

### C. Statute of Limitations

The Defendants assert that the ADEA count must be dismissed for violation of the statute of limitations. They argue that the Amended Complaint is untimely because it was filed more than ninety days after the Plaintiffs received their right-to-sue letters from the EEOC. Such letters were executed on May 2, 2003. The parties agree that the original Complaint, filed July 31, 2003, is timely. The issue, therefore, is whether the Amended Complaint, filed October 23, 2003, "relates back" to the original Complaint pursuant to Fed. R. Civ. P. 15(c)(3).

Rule 15(c) states in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when . . . (3) the amendment changes the party or the naming of the party against whom a claim is asserted if . . . within the period provided by Rule 4(m) for service of summons and complaint [120 days], the party to be brought in by amendment (A) has received such notice of the institution of the action and the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

See also Lovelace v. O'Hara, 985 F.2d 847, 849 (6th Cir. 1993); Szabo v. CSX Transportation, Inc., 1 Fed. Appx. 277, 281 (6th Cir. 2001) (unreported). Notice can be actual or constructive.

Force v. City of Memphis, 101 F.3d 702 (table), 1996 WL 665609 at *2 (6th Cir. November 14, 1996), citing, Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986).

Rule 15(c)(3)(A) is satisfied. Here, the Amended Complaint was filed within 120 days of the filing of the original Complaint. The Plaintiffs also obtained waivers of summons with waiver dates of November 21, 2003, also within the 120-day period. (See Docket Nos. 27-31). The Defendants, therefore, had actual notice of this action within the time period prescribed by Rule 15(c)(3)(A). The Defendants also have not shown any prejudice by the short delay.

The Defendants argue that Rule 15(c)(3)(B) is not satisfied because the new Defendants neither knew nor should have known that, but for a mistake of identity of the proper party, the action would have been brought against them. This provisions applies to mistakes or misnomers of parties, but it does not permit the addition of new parties after the statute of limitations has run. Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.), cert. denied, 519 U.S. 821 (1996); Wilson v. United States, 23 F.3d 559, 563 (1st Cir. 1994); Force, 1996 WL 665509 at *3. An amendment that adds a new party creates a new cause of action for which there is no relation back for purposes of the statute of limitations. In re Kent Holland Die Casing & Plaiting, Inc., 928 F.2d 1448, 1449 (6th Cir. 1991), citing, Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973).

The analysis of Rule 15(c) is similar to that of the EEOC charge. In the context of this motion to dismiss, the Court cannot ascertain whether the change in parties from UPS, Inc. to UPS of America is no more than a misnomer. In the current procedural context, the Plaintiffs are entitled to the benefit of any doubt. The Court cannot rule as a matter of law that the Amended Complaint does not relate back to the original Complaint as to UPS of America. Accordingly, the motion to dismiss is denied as to UPS of America.

Again, the same does not hold for the Plan Administrators. These Defendants clearly are new parties, and not parties which were merely misnamed or misidentified in the original Complaint. Accordingly, the Amended Complaint does not relate back to the original Complaint as to the Plan Administrators, and thus the Amended Complaint is dismissed as to them.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion To Dismiss (Docket No. 35) is GRANTED IN PART and DENIED IN PART. The motion is granted, and the Amended Complaint is dismissed, as to the Plan Administrators: Defendants UPS Retirement Plan, the Administrative Committee of the UPS Retirement Plan, the UPS Pension Plan, and the Board of Trustees of the UPS Pension Plan. The motion is DENIED as to Defendant United Parcel Service of America, Inc.

IT IS SO ORDERED.


Issued: September 26, 2006          s/ *Solomon Oliver, Jr.*
                                    UNITED STATES DISTRICT JUDGE